**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TROY GORMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-16-0340-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: February 28, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Thomas R. Kennedy, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a Police Officer with the Veterans Affairs (VA) Medical Center Police Service. Initial Appeal File (IAF), Tab 8 at 15. On February 19, 2016, Patient A (we have not identified patients by name to protect their privacy) at the agency's Community Living Center in Grand Junction, Colorado, turned over his medication to a nurse to be destroyed. *Id.* at 50. The nurse, in turn, handed in the medication to the appellant in the company of Patient A. *Id.* Patient A alleged that Patient B had stolen the medication, but later returned it when Patient A had confronted him about the alleged theft. *Id.* at 69. The appellant completed a VA Form 3524, Police Property Held Evidence Record (Evidence Record Form), which incorrectly stated that he received the medication from Patient A instead of from the nurse. *Id.* at 69, 75-78. The appellant did not report the alleged theft of Patient A's medication, which occurred off VA property, to the local police. *Id.* at 50-51. Another officer reported the alleged crime to local police 4 days later. *Id.* at 51.

¶3 On February 26, 2016, another nurse from the Community Living Center handed in to the appellant a bag of marijuana that she obtained from Patient C's

room. *Id.* at 50, 61. The appellant completed an Evidence Record Form, which incorrectly stated that he received the bag from Patient C. *Id.* at 61-63.

¶4    Based on these incidents, the agency proposed to remove the appellant effective May 12, 2016, for two charges. *Id.* at 16-19, 50. The agency alleged in charge 1 that the appellant failed to accurately complete the two Evidence Record Forms, and in charge 2 that he failed to notify local authorities of the alleged theft of Patient A's medication in a timely manner. *Id.* In finding removal to be the appropriate penalty, the deciding official considered the appellant's prior discipline, consisting of a September 2015 letter of reprimand for disrespectful behavior and a December 2015 seven-day suspension for inaccurately recording a police journal entry, failure to follow instruction, and disrespectful behavior. *Id.* at 20-21, 95-96, 113-14. The appellant filed a Board appeal challenging the removal. IAF, Tab 1.

¶5    After holding a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal, finding that the agency proved by preponderant evidence that the appellant failed to record accurately the receipt of evidence as specified in charge 1. IAF, Tab 26, Initial Decision (ID) at 3-6. The administrative judge did not sustain charge 2 because the agency did not present sufficient proof that there was a time period within which agency police officers were required to report crimes to local police. ID at 8. The administrative judge determined that the penalty of removal was taken for such cause as would promote the efficiency of the service and that it was reasonable under the circumstances for the one sustained charge. ID at 9-10. The appellant has filed a petition for review disputing the administrative judge's decision to sustain charge 1. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to his petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the agency proved charge 1.[2]</u>

¶6      On review, the appellant argues that his Evidence Record Forms were "materially accurate." PFR File, Tab 1 at 5. In support of his position, he states that he correctly identified Patient A as the owner of the medication, and that Patient A was present when the nurse on duty transferred the medication to the appellant. *Id*. at 5. He argues that the nurse was acting as a "mere conduit" for Patient A, who is disabled. *Id*. He further argues that he correctly identified Patient C as the owner of the marijuana taken into evidence. *Id*. at 5-6. In both cases, he contends that although a staff member physically handed him the evidence owned by Patients A and C, this fact is immaterial and does not render his Evidence Record Forms inaccurate or inadmissible for purposes of prosecution. *Id*. at 6-7. For the reasons discussed below, however, we agree with the administrative judge that the agency proved charge 1.

¶7      Here, the appellant has admitted that he received the items in question from nurses but recorded them as received from Patients A and C. IAF, Tab 8 at 25-26; PFR File, Tab 1 at 5-6. This admission suffices as proof of a charge without additional proof from the agency. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014). To the extent that the appellant alleges that the information was "materially accurate," we find that this mischaracterizes the admitted facts. PFR File, Tab 1 at 5-6. In any event, the material accuracy of the recorded information is not an element of the charge. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 14 (2014) (observing that a charge regarding the substantive submission of inaccurate information does not involve an element of intent).

---

[2] The parties do not challenge on review the administrative judge's finding regarding charge 2, and we discern no basis for disturbing that finding. *See* 5 C.F.R. § 1201.115 (indicating that the Board generally will consider only issues raised in a timely filed petition or cross petition for review).

<u>We affirm the administrative judge's finding that the removal penalty was reasonable.</u>

¶8        As stated above, the administrative judge found that the agency established a nexus between its decision to discipline the appellant for the sustained charge and the efficiency of the service.  ID at 8-9.  On review, neither party challenges this finding, and we discern no reason to disturb it.

¶9        The administrative judge also found that the penalty of removal was reasonable.  ID at 10.  The appellant does not allege any specific error in the administrative judge's penalty analysis.  However, he appears to dispute that his misconduct was serious based on his argument that the deciding official wrongfully concluded that his recording errors tainted the evidence and made it inadmissible for prosecution.  PFR File, Tab 1 at 6.  For the reasons discussed below, we find that the administrative judge considered all of the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in finding that removal was reasonable for the sustained charge.[3]

¶10       When, as here, the Board does not sustain all of the charges, it will carefully consider whether the sustained charges merit the penalty imposed by the agency.  ID at 9; *Boo*, 122 M.S.P.R. 100, ¶ 17.  The Board may mitigate the agency's imposed penalty to the maximum extent that is reasonable in light of the sustained charges as long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed for fewer charges.  *Boo*, 122 M.S.P.R. 100, ¶ 17.  Because the deciding official here did not express whether he would have imposed either the same or a lesser penalty for fewer sustained charges, the Board must apply the *Douglas* factors to determine the maximum reasonable penalty for the sustained charges. *Id.*; IAF, Tab 8 at 17, 51-52.

---

[3] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

¶11     The most important of the *Douglas* factors is the nature and seriousness of the offense. *Boo*, 122 M.S.P.R. 100, ¶ 18. Among the considerations included in this factor are the relationship of the offense to the employee's duties, position, and responsibilities, and whether the offense was intentional or was frequently repeated. *Id.* Here, the administrative judge agreed with the deciding official that the appellant's misconduct was serious, considering that he is a law enforcement officer and the evidence custodian for the facility and that he received two prior disciplinary actions. ID at 9-10, 95-96, 113-14; Hearing Transcript (HT) at 33-44 (testimony of the deciding official). The administrative judge also observed that the appellant received prior training in evidence collection, and did not exhibit the potential for rehabilitation, there were no viable alternatives to removal, and the removal penalty was consistent with the agency's table of penalties. ID at 9-10; IAF, Tab 8 at 17, 21-23, 151; HT at 33-44 (testimony of the deciding official). In reaching her conclusion, the administrative judge weighed the mitigating factor of the appellant's 14 years of combined military and Federal service. ID at 9-10; IAF, Tab 8 at 21.

¶12     Accordingly, we agree with the administrative judge's finding that the removal penalty is reasonable for the appellant's repeated failure to accurately complete the Evidence Record Forms. ID at 9-10. We have considered the appellant's argument on review that the inaccuracies on his Evidence Record Forms did not render the evidence that he collected inadmissible for prosecution purposes. PFR File, Tab 1 at 7. Under the circumstances presented by the appellant's misconduct, however, we still find that removal is warranted for the sustained charge. ID at 9-10; *see generally O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016) (finding that law enforcement officers may be held to a higher standard of conduct than other employees), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); *Chandler v. Social Security Administration*, 80 M.S.P.R. 542, ¶ 12 (1999) (recognizing the potential for harm to the agency's basic mission as aggravating in a penalty analysis).

¶13    We therefore affirm the initial decision sustaining the agency's removal action.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.